USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 97-2107
 UNITED STATES,
 Appellee,

 v.

 JOSE DELAROSA, A/K/A JOSE ACOSTA,
 Defendant, Appellant.

No. 97-2246

 UNITED STATES,
 Appellee,

 v.

 JOHN DELAROSA,
 Defendant, Appellant.

 APPEALS FROM THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ronald R. Lagueux, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.
 

 James L. Sultan and Rankin & Sultan on brief for appellant
Jose DeLaRosa.
 John F. Cicilline on brief for appellant John Delarosa.
 Margaret E. Curran, United States Attorney, and Kenneth P.
Madden, Assistant United States Attorney, on brief for appellee.

 July 29, 1998

 
 Per Curiam. Co-defendants Jose Delarosa and John
 Delarosa challenge adjustments to their respective sentences
 under U.S.S.G. 3B1.1(c) on both factual and legal grounds. 
 We conclude that the adjustments were not clearly erroneous.
 As to each co-defendant, there was a sufficient
 factual basis for the role-in-offense adjustment under 
 3B1.1(c). Particularly, the co-defendants pled guilty to
 multiple violations of 21 U.S.C. 861 and so effectively
 admitted that they "employ[ed], hire[d], use[d], persuade[d],
 induce[d], entice[d], or coerce[d]" a minor (their 15-year-old
 cousin) in distributing heroin. In the context of the present
 case (where the minor was used to conduct heroin sales), those
 statutory terms fairly imply leadership of a sort justifying an
 upward adjustment under 3B1.1. The co-defendants' respective
 organizational, leadership, managerial, or supervisory roles in
 the heroin distribution operation were amply demonstrated by
 the undisputed facts about the heroin sales and the plausible
 inferences to be drawn therefrom. We will not second-guess the
 district court's choice among those plausible inferences. SeeUnited States v. Garcia, 34 F.3d 6, 10 (1st Cir. 1994).
 We also reject the co-defendants' arguments that
 impermissible double-counting occurred when the district court
 determined the base offense level under U.S.S.G. 2D1.2 and
 then enhanced that level under 3B1.1. The guidelines do not
 expressly prohibit a 3B1.1 adjustment to a 2D1.2 base
 offense level, and there is no compelling reason to ban
 concurrent use of the two sections. See United States v.
 Lilly, 13 F.3d 15, 19 (1st Cir. 1994). The two sections
 address different factors: 2D1.2 addresses drug quantity and
 involvement of protected individuals and locations; 3B1.1
 addresses hierarchical responsibility. And the two sections do
 not apply in lockstep: for example, selling drugs to a minor
 may entail a 2D1.2 base offense level, but not necessarily a
 3B1.1 role-in-offense adjustment; selling drugs through a
 minor may entail, as here, consequences under both 2D1.2 and
 3B1.1. Accordingly, we conclude that the 3B1.1 adjustment
 was applied here without impermissible double-counting. SeeGarcia, 34 F.3d at 11-12 (particular offense conduct, such as
 use of a weapon, may be a factor both in the base offense level
 and also in adjusting that level to reflect a higher degree of
 culpability). In reaching this conclusion, we ascribe no
 persuasive weight to United States v. Stevenson, 6 F.3d 1262,
 1269-70 (7th Cir. 1993).
 Turning to the matter of criminal history, we cannot
 say, on the record presented for our review, that the district
 court was required to treat four of co-defendant Jose
 Delarosa's juvenile offenses as "related" for the purpose of
 calculating his criminal history points. Even though like
 sentences were imposed at the same time for all four offenses,
 there was no "persuasive indicium of formal consolidation." 
 United States v. Correa, 114 F.3d 314, 317 (1st Cir. 1997). 
 The claim that two of the four sentences may have been
 excessive is not cognizable in the context of this appeal, and,
 in any event, does not prove that the four offenses were
 formally consolidated.
 Finally, we are left with the failure-to-depart
 claim. It is evident to us from the district court's remarks
 ("even if I had [the authority to depart], I wouldn't because
 of the aggravating factors in this case") that the court
 rejected on discretionary grounds co-defendant John Delarosa's
 plea for a downward departure. Accordingly, we lack
 jurisdiction to review that decision. See United States v.
 Grandmaison, 77 F.3d 555, 560 (1st Cir. 1996).
 Affirmed. See 1st Cir. Loc. R. 27.1.